E-FILED
Friday, 14 March, 2025  05:06:39 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID WILKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-cv-4008** |
| | ) | |
| **GREGORY MAURER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided

to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Defendant Gregory Maurer, a urologist/surgeon at St. John's Hospital in Springfield, Illinois, and Defendant Shawgo, the Director of Nurses at Rushville. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment and committed the state law tort of medical malpractice.

Plaintiff alleges he underwent bladder surgery on October 18, 2024. During the surgery, Defendant Maurer allegedly damaged an artery, causing Plaintiff to hemorrhage a large amount of blood. Plaintiff alleges he received three blood transfusions and two additional surgeries to correct the damaged artery.

Prior to the surgery, Plaintiff alleges Defendant Maurer failed to coordinate with the University of Illinois Hospital in Chicago, Illinois and did not review his complete medical file before his initial examination on September 5, 2024. Plaintiff alleges he tried to explain issues related to his bladder and scar tissue to Defendant Maurer, but he allegedly ignored Plaintiff's concerns. Plaintiff claims that Defendant Maurer failed to utilize ordinary knowledge, skill, and care in the diagnosis and treatment of his bladder condition.

Plaintiff alleges Defendant Shawgo failed to follow the urologist's instructions for Plaintiff to return in 10-14 days for a follow-up appointment to remove the surgical staples. Plaintiff states the staples remained in place for an additional two and half weeks.

**ANALYSIS**

As a civil detainee, Plaintiff's claim for constitutionally inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Plaintiff alleges Defendant Maurer, a "urologist surgeon" employed at St. John's Hospital in Springfield, Illinois, acted under color of state law at all relevant times. (Doc. 1 at p. 2). [T]he viability of this claim will turn on inquiries that the Court cannot complete at the stage of initial review. First, the Court will need to determine, through a 'functional inquiry' what the relationship is between the state and [Defendant Maurer]." *Allen v. Jeffreys*, No. 23-CV-3775-DWD, 2024 WL 308522, at *9 (S.D. Ill. Jan. 26, 2024) (citing *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797-98 (7th Cir. 2014) ("whether a medical provider is a state actor is a functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner.")). "This is true because § 1983 liability is only proper against those who are 'state actors,' and not all private doctors that provide care to inmates are considered 'state actors.'" *Allen*, 2024 WL 308522, at *9 (citing *Manzanales v. Krishna*, 113 F.Supp.3d 972, 980-81 (N.D. Ill. June 30, 2015) (finding that the

factual allegations in the complaint were insufficient to determine if private doctors were state actors for purposes of § 1983 at motion to dismiss stage)); *Rackemann v. Robinson*, No. 218CV00232JRSDLP, 2019 WL 4737194, at \*2-3 (S.D. Ind. Sept. 27, 2019) (granting summary judgment in favor of a doctor because he was not a 'state actor' for purposes of § 1983 where he only occasionally saw patients from prison at a local hospital where he was privately employed)).

Here, the Complaint provides insufficient information to determine if Defendant Maurer is a state actor, but the Court must construe the Complaint broadly in Plaintiff's favor. As such, Plaintiff will be allowed to proceed on a Fourteenth Amendment claim against Defendant Maurer based upon his alleged deliberate indifference to Plaintiff's bladder condition between the initial examination on approximately September 5, 2024, and the surgery on October 18, 2024. *See Allen*, 2024 WL 308522, at \*9 (allowing *pro se* plaintiff to proceed under § 1983 at merit review).

Plaintiff also raises a medical malpractice claim under Illinois law against Defendant Maurer based upon the medical treatment he provided for his bladder condition. (Doc. 1 at p. 5). "To sustain an action for medical negligence, the plaintiff must establish (1) the standard of care in the medical community by which the medical professional's treatment is measured; (2) negligent failure by the medical professional to comply with the standard of care; and (3) the resulting injury was proximately caused by the deviation from the standard of care." *McGee v. Macon Cnty. Sheriff's Dep't*, 437 F.Supp.3d 818, 845 (C.D. Ill. 2020) (citing *Purtill v. Hess*, 111 Ill.2d 229 (Ill. 1986)). The allegations of medical negligence derive from the same facts as the federal constitutional claim, so this Court will exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a) (district court has supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution").

Plaintiff is advised that if he intends to proceed on a state law claim of medical malpractice, he must be prepared to comply with the Illinois Healing Arts Malpractice Act. 735 ILCS 5/2-622, *et. seq*. The statute requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." *Id.* at 5/2-622(a); *see Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court); *see also Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

Plaintiff alleges that Defendant Shawgo "ignored & disregarded urologist surgeon outpatient instruction for follow up appointment to remove surgery staples within 10-14 days" and that the staples remained in place for an additional two and half weeks. (Doc. 1 at p. 5). Plaintiff did not include any additional allegations about Defendant Shawgo in his Complaint or specify what harm he suffered. It appears that Plaintiff is trying to hold Defendant Shawgo liable because Defendant holds a supervisory position at Rushville; however, liability under § 1983 is based on personal responsibility. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory staff can be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Plaintiff's allegations against Defendant Shawgo are too tenuous to establish a Fourteenth Amendment deliberate indifference claim or a state law medical malpractice claim. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional

deprivation."). Defendant Shawgo is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1.      According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on (1) a Fourteenth Amendment claim against Defendant Gregory Maurer based on his alleged deliberate indifference to the treatment of Plaintiff's bladder condition between approximately September 5, 2024, and when surgery was performed on October 18, 2024, and (2) a state law medical malpractice claim against Defendant Maurer. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.      Defendant Shawgo is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Shawgo.

3.      Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] is GRANTED.

4.      Plaintiff filed a Motion [5] to request electronic filing. Plaintiff states that he placed a pleading in the U.S. Mail. It is unclear what relief Plaintiff seeks. [5] is DENIED.

5.      Plaintiff filed a Motion [9] stating that he paid the reduced filing fee and received a receipt. The Court received the reduced filing fee of $222.26 on February 3, 2025 (receipt number PIA100006128). (*See* d/e 2/3/2025). [9] is MOOT.

6.      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7.     The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8.     Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9.     If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10.     This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11.     Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

12.     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13.     Plaintiff shall be provided a copy of all pertinent medical records upon request.

14.     Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15.     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  3/14/2025

                                                                s/ James E. Shadid
                                                                James E. Shadid
                                                                United States District Judge